UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARLENE WHALEY,
an individual

    Plaintiff,

vs.                              CASE NO: 3:12-cv-353-H

SPEEDWAY, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Speedway, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3. Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Whaley suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990,

1

("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility. Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter on or about March 28, 2012, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and maintains a bank account in Louisville, Kentucky for convenience given the frequency of her visits. Whaley continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Speedway, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, Speedway, LLC (hereinafter referred to as "Speedway") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Speedway #9678 located at 3030 Taylor Boulevard in Louisville, Kentucky (hereinafter referred to as the "Service Station") located in Louisville, Kentucky.

5. All events giving rise to this lawsuit occurred in the Western District of Kentucky.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Service Station owned by Speedway is a place of public accommodation in that it is a service station that is

owned and operated by a private entity and that provide goods and services to the public.

8. Defendant, Speedway has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Service Station in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Service Station owned by Speedway. Prior to the filing of this lawsuit, Plaintiff visited the Service Station at issue in this lawsuit on or about March 28, 2012 and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Service Station in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Service Station in violation of the ADA. Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Speedway is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  (i)  The paint at the parking space designated as accessible is badly faded;

  (ii)  The signage at the parking space designated as accessible is blocked by an ice and natural gas machine;

3

    (iii)    The built up curb ramp lacks flared sides and is too narrow for a wheelchair user;

    (iv)    Many of the self-serve dispensers such as the coffee pots, hot dog, paper, nacho and ice machines, are too high for a wheelchair user;

    (v)    The path of travel leading to the front entrance from the curb ramp is too narrow for a wheelchair user;

    (vi)    Sufficient clear floor space is not provided on the pull side of the toilet room door to exit the toilet room;

    (vii)    The centerline of the water closet is located too far from the sidewall;

    (viii)    The toilet paper dispenser at the accessible water closet is too close to the side grab bar;

    (ix)    The lavatory is too low for a wheelchair user;

    (x)    The lavatory pipes are not fully insulated;

    (xi)    The soap dispenser is located over the rear grab bar and is out of reach range for a wheelchair user;

    (xii)    The flush valve is located on the wrong side of the water closet and is out of reach for a wheelchair user;

12. There are other current barriers to access and violations of the ADA at the Service Station owned and operated by Speedway which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Speedway was required to make its Service Station, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Speedway has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by Speedway pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Speedway, LLC and request the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26 day of June 2012.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

/s/ Jerry N. Higgins
Jerry N Higgins, Esquire
Law Office of Jerry N. Higgins, PLLC
Kentucky Bar: 90310
3426 Paoli Pike
Floyds Knobs, IN 47119
(502) 625-3065-Telephone
(812) 542-1595-Facsimile
Email: jnh@jerryhigginslaw.com